Stevens v. Hubbard.

Opinion delivered April 9, 1928.

1. Judgment—consent decree.—Where a case was submitted to an attorney by consent of the parties and the decree was prepared by such attorney in the chancellor's absence and was approved and adopted by the chancellor and regularly entered on the chancery records as a decree of the chancery court, such decree became a decree of the court as though the chancellor had heard the cause himself and rendered the decree entered of record.

2. Judgment—vacating decree after term.—A decree prepared by an attorney to whom the case was submitted by the parties in the chancellor's absence and approved and adopted by the chancellor and entered as the chancellor's decree could not be vacated after the term in which the decree was rendered, where no grounds under Crawford & Moses' Dig., §§ 1316, 6290-6296, were alleged.

3. Judgment—nunc pro tunc entry.—Where a cause was submitted to an attorney by consent of the parties on their motion in the absence of the regular chancellor, and the attorney prepared a decree which was approved and adopted by the regular chancellor, and entered on the records of the chancery court, such decree became the decree of the chancery court, and the court

erred in amending the record by a *nunc pro tunc* order to show that such purported decree was in fact rendered by the attorney assuming to act as special chancellor without authority.

Appeal from Poinsett Chancery Court; *T. A. McLin,* Special Chancellor; reversed.

*J. S. Mosby, E. L. Westbrooke, Jr.,* and *E. L. West-brooke,* for appellant.

*C. T. Carpenter, M. P. Watkins* and *T. T. Mardis,* for appellee.

KIRBY, J.   This appeal comes from a judgment sustaining a motion to vacate and a decree vacating the decree of the Poinsett Chancery Court foreclosing a vendor's lien on certain lands in said county.   The motion was filed by appellees, the Hubbards, against whom the foreclosure decree was rendered, and by the sureties on the supersedeas bond given on appeal to the Supreme Court.

The appellants failed to file a transcript of the record in the Supreme Court within 90 days, as required, and it was dismissed on motion under Rule 7, at the cost of appellants and the sureties on the supersedeas bond.

None of the grounds provided in § 6290-6296, C. & M. Digest, for vacation of decrees after the expiration of the term, was alleged in the motion, which alleged that the case was heard in vacation before Hon. J. F. Gautney, in Craighead County, who was neither the regular nor a specially elected or qualified chancellor; that the decree was entered upon the records of the county without the sanction of or being signed by the regular chancellor, and was absolutely void.   The death of Philip Bazenah, the judgment plaintiff, was alleged, and the appointment of A. Stevens as administrator of his estate, the appellant herein, and prayer was made for vacation of the judgment and a temporary restraining order.

Stevens, the administrator, filed a response, denying all the allegations of the motion, except the rendition of the decree and his appointment as administrator; alleged that the decree was rendered by consent of all

parties, indorsed and approved by the regular chancellor, and regularly entered of record, and that the defendants prayed an appeal to the Supreme Court and gave a supersedeas bond, and, failing to comply with Rule 7 of that court, the appeal was dismissed. It was further alleged that T. T. Mardis, one of the petitioners, had no interest in the cause, except that he signed the supersedeas bond in the cause on appeal, and was seeking to avoid liability thereon. By amendment he denied the jurisdiction of the court to pass on the motion, since none of the grounds for vacating a judgment after the expiration of the term, as provided by §§ 1316 and 6290, C. & M. Digest, were alleged in the petition; alleged further that the decree entered in the cause was the decree of the regular chancellor, Hon. J. M. Futrell, the original copy of which was attached, bearing the initials of the chancellor, authorizing the clerk to enter it of record. A copy of the supersedeas bond executed in the case on the first appeal was also attached.

It was further alleged that T. T. Mardis was the only solvent surety on the supersedeas bond; the dismissal of the appeal in the former case for failure to comply with Rule 7; that, because of the filing of the supersedeas bond, respondents had been precluded from collecting rents on land embraced in the decree to the amount of $750, which had been paid to A. R. Nichols, one of the defendants, and that the property had not been insured by defendants, and the house thereon had been destroyed by fire during the pendency of the appeal, at a further loss of $1,500, the cost of replacement, and that Mardis, under the terms of his bond, was bound to the payment of all rents and damages to the property during the appeal, and that the proceeding was but a collateral attack upon the decree regularly rendered in the cause, the validity of which cannot be inquired into by the court herein. Prayed for dismissal of the petition to vacate for want of equity, or, in the alternative, for judgment in the sum of $2,250, with interest from the date of the

supersedeas bond, and for damages to the property destroyed by fire.

Appellees then filed a motion for a *nunc pro tunc* order to correct the decree, alleging that the cause was heard by J. F. Gautney, by consent, in Craighead County, as special chancellor, on the 16th day of June, 1926, but the record in the case fails to disclose the fact, and it should be amended to speak the truth.

The testimony shows that the case was submitted to Hon. J. F. Gautney, an attorney at Jonesboro, by consent of the parties, on their own motion, the regular chancellor being absent engaged in a campaign for nomination to the office of Judge of the Supreme Court, was heard, findings made, and the suggested form of the decree prepared by Gautney, approved by the attorneys and given to the regular chancellor and approved, adopted and initialed by him as his decree in the case, and regularly entered upon the chancery records as the findings and decree of the chancellor.

There was no attempt made to elect or select Mr. Gautney as special chancellor, nor did he assume to act as such, but only agreed to examine the record, at the request of the attorneys of the parties, and make and suggest such findings and decree as should be rendered therein, all of which was adopted and approved by the regular chancellor, the suggested form of decree being ordered entered of record as made, and rendered in vacation by him. Such being the case, it became the decree of the chancery court as though rendered by the chancellor by consent of the parties, or on a regular hearing by him, as fully and completely as though the chancellor had heard the cause himself throughout and rendered the decree entered of record.

There was no allegation in the motion to vacate or any ground provided by the statute for vacation of decrees after the expiration of the term in which they were rendered. Nor was there any testimony introduced warranting the chancellor in holding that the form

of decree so adopted, approved and rendered by the regular chancellor and entered of record, was a decree attempted to be rendered in vacation by one not regularly elected as special chancellor, and was not the decree of the chancery court and entitled to all such credit or authority as though the cause had been regularly heard throughout by him.

It follows that the court erred in amending the record by a *nunc pro tunc* order to show that the purported decree was in fact rendered by an attorney assuming to act as special chancellor without authority, never having been regularly elected or selected as such special chancellor, and in not denying both the motion to vacate the decree and for the *nunc pro tunc* entry.

The decree is accordingly reversed, and the cause remanded with directions to deny both the petition for vacation of the judgment and the motion for a *nunc pro tunc* order to correct the record of the judgment.

Justices WOOD, SMITH and MEHAFFY dissent.