Opinion issued May 3, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-05-00625-CR

———————————

Brady Madison Kohler, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 176th District Court

Harris County, Texas



Trial Court Case No. 1998-0095

 



 

MEMORANDUM OPINION

          After
the trial court denied his motion to suppress evidence from his seized computer,
Brady Madison Kohler pleaded guilty to the offense of possession of child
pornography without an agreed recommendation as to punishment.  The trial court deferred a finding of guilt
and placed Kohler on community supervision for five years.  On appeal, Kohler contends that the trial
court erred in denying his motion to suppress because the State failed to
prove, beyond a preponderance of the evidence, that it had valid consent to
seize his computer and thus violated his constitutional right to be free from
unreasonable searches and seizures.  See U.S.
Const. amend. IV; Tex. Const. Art. 1, § 9.  Finding no error, we affirm.

Background

          In
early 2004, Kohler was working at a restaurant in Houston.  He had spent a month living with his mother
at her home nearby, but had recently moved out. 
Kohler’s mother discovered that Kohler had left behind a laptop computer
at her home.  She opened it and
discovered that it contained images of child pornography.  

Kohler’s mother called the Houston
Police Department and reported the discovery to Officer D. Domagas.
 Domagas went
to the home to investigate.  He noticed the
computer in the living room and asked Kohler’s mother if he could take it with
him.  Kohler’s mother said she wanted Domagas to take the computer and did not want him to leave
it in her house.  She signed a “Voluntary
Consent For Search and Seizure” form, which read:

I, Darlene A. Kohler, having been informed of
my constitutional right not to have a search made of the premises hereinafter
mentioned without a search warrant and of my right to refuse to consent to such
a search, hereby authorize [Officer Domagas and
another named officer] to conduct a complete search of my . . . computer system
or other property, which is a Toshiba/Satellite 2435-3235 serial # Z2035518C .
. . .These officers are authorized by me to take from my . . . computer system
. . . any documents, materials, data or other articles that they may
desire.  This written permission is being
given by me to the above named officers voluntarily without threats or promises
of any kind and is given with my full and free consent.

                                                                                [signature]

          Domagas took the computer to the HPD computer forensics
lab.  A few days later, the district
attorney’s office contacted Domagas and asked him try
to obtain voluntary consent from Kohler, as the laptop’s owner.  Domagas found
Kohler at the restaurant where he worked and spoke briefly with him on the
sidewalk by the outdoor dining area.  Domagas presented Kohler with a form acknowledging voluntary
consent for search and seizure of his laptop computer, similar to the one
Kohler’s mother had signed.  Kohler
signed the form and agreed to meet with Domagas at
the police station the next day for an interview.  

Motion to Suppress

In his sole issue on appeal, Kohler
challenges the trial court’s denial of his motion to suppress.  In reviewing the trial court’s ruling on a
motion to suppress, we apply a bifurcated standard of review.  Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); McKissick v. State, 209 S.W.3d 205, 211 (Tex. App.—Houston [1st Dist.] 2006,
pet. ref’d).  We
defer to the trial court’s determination of historical facts that depend on
credibility, while we review de novo the trial court’s application of the law
to those facts.  Carmouche, 10 S.W.3d at 327; see St.
George v. State, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007) (The trial
judge is the “sole trier of fact and judge of credibility of the witnesses and
the weight to be given to their testimony.”) 
We sustain the trial court’s ruling if it is reasonably supported by the
record and correct on any theory of law applicable to the case.  Laney v.
State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003) (citing Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim.
App. 2002)).

According to Kohler, his mother
could not give valid consent to search his computer because she was not the
owner or co-owner of the computer, and no proof existed that Kohler kept the
computer in a common area, rather than his private bedroom.  We examine the totality of the circumstances
to determine whether Domagas could reasonably rely on
Kohler’s mother’s consent to seize the laptop. 
See Hubert v. State, 312 S.W.3d 554, 560 (Tex. Crim. App. 2010).  A third party may consent to a search to the
detriment of another’s privacy interest if the third party has actual authority
over the place or thing to be searched, or if the third party shares common
authority over the premises or property with the non-consenting person’s
interest.  Id.  

The Court of Criminal Appeals’
decision in Hubert is dispositive of
Kohler’s complaint.  In that case, the
appellant lived with his grandfather.  Id. at 563.  The officers knew that: (1) the grandfather
was the exclusive owner of the house; the grandfather did not “live” or “sleep”
in the bedroom where the defendant stayed; and (3) the grandfather opened the
door so that the officers could search the room.  Id.  Noting a division among the lower courts that
had addressed similar circumstances, the Court held that, under the facts
viewed in the light most favorable to the trial court’s ruling:

the appellant, lacking any proprietary interest
in the house, or even any possessory right other than the grace of his
grandfather, assumed the risk that his grandfather might permit the search of
any area of the house that he might reasonably suspect that the appellant was
using for criminal purposes, even including the appellant’s bedroom—at least in the absence of any agreement between the two that would
expressly prohibit the grandfather from making such an intrusion, or some other
obvious indicium of exclusion . . . that [the grandfather] had actual authority
to consent to the search of the appellant’s bedroom.  

Id. at 564.  

          Viewing
the evidence in the light most favorable to the trial court’s ruling here,
Kohler had recently moved out of his mother’s home but left behind some
belongings, including the laptop computer. 
The mother was not barred from access to the computer or its contents by
a hardware lock, password, or encryption. 
Following Hubert, we hold that
Kohler assumed the risk that his mother might consent to a search that would
lead to the discovery of the laptop’s contents. 
He thus may not complain of that search under the Fourth Amendment.[1]  

Jenschke v. State, 147 S.W.3d 398 (Tex. Crim. App. 2004), also
supports the trial court’s ruling.  In that
case, the Texas Court of Criminal Appeals recognized that that a person who is
not an officer or an agent of an officer does not violate the exclusionary rule
by taking property that is evidence of crime, without the effective consent of
the owner and with the intent to turn over the property to an officer.  Id. at 402 (applying Tex. Code Crim. Proc. Ann. art. 38.23); see Miles v. State, 241 S.W.3d 28, 39 (Tex.
Crim. App. 2007) (explaining that Jenschke rule, essentially means that “a private person can do
what a police officer standing in his shoes can legitimately do”); Krause v. State, 243 S.W.3d 95, 101
(Tex. App.—Houston [1st Dist. 2007, pet. ref’d)
(applying Jenschke rule to uphold denial of motion to
suppress where facts showed that parents, after learning that defendant, who
had befriended their son, was being investigated for possession of child
pornography and child abuse, broke into defendant’s RV, and removed CDs and
computers that contained images of child pornography).  We hold that the trial court did not err in
denying Kohler’s motion to suppress.  




 

Conclusion

We affirm the judgment of the trial
court.

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Sharp, J., dissenting.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]         Kohler mistakenly focuses on his
ownership of the computer.  The focus
belongs on whether the officers reasonably believed that they had access to the
premises where they found the contraband, not the contraband itself.  See,
e.g., Sorensen v. State, 478
S.W.2d 532 (Tex. Crim. App. 1972) (holding that parents validly gave consent to
allow officers to search defendant’s bedroom that led to discovery of marihuana
in defendant’s closet).