NO. 07-11-00016-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 30, 2012

_____

DANIEL G. JARNAGIN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-421,988; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant Daniel G. Jarnagin appeals from the trial court's judgments convicting him of aggravated sexual assault of a child[1] and sexual assault[2] and the resulting concurrent sentences. Through one issue, appellant contends the trial court erred when it denied his motion to suppress. We will affirm.

_____

[1] *See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (West 2011).

[2] *See* Tex. Penal Code Ann. § 22.011 (West 2011).

Background

Appellant was indicted by six counts alleging aggravated sexual assault of a child and sexual assault. The complainant was his daughter T.J. Appellant filed a motion to suppress evidence found during a search of his home, which T.J. also occupied. The search of appellant's home was authorized by a warrant. His motion to suppress challenged the sufficiency of the information presented the magistrate. The motion was overruled and appellant entered an open plea of guilty to each of the six offenses. The court accepted his pleas and, at a later hearing, assessed punishment at confinement for life on counts one through five and twenty years of confinement on count six. This appeal followed.

Review of the record shows that the documents presented to the magistrate on the issuance of the warrant consisted of a two-page affidavit of a Lubbock County sheriff's deputy, to which were attached two one-page statements signed by the complainant. The affidavit makes reference to the complainant's statements, stating, "See attached supplemental victim's statement to be referred [to] as attachment (A) and attachment (B)." The complainant's statements are marked "Attachment A" and "Attachment B." The complainant's statements are dated October 16, 2008 and the affidavit was signed, and the warrant issued, the next day.

The complainant's statements say that T.J. was then fourteen years old. They describe a coerced sexual relationship between T.J. and appellant that began some three years before and included "vaginal sex…and sometimes oral sex." The statements say appellant had sex with her "about twice a month."

The statements also say that during the previous six months, appellant had been taking pictures of T.J. nude, despite her objections. According to the statements, appellant took the pictures with his cell phones, both an "old" phone and a "new" one, and "the last time my dad took a picture of me nude was on 10/12/08 at his house." The statements say appellant kept pictures he took with his old phone in a file folder on the phone. The statements refer to appellant's computer, although T.J. expresses in the statements her doubt that appellant put any pictures of her on the computer because it was old.

The deputy's affidavit describes appellant and his residence, and generally summarizes T.J.'s outcry of her father's sexual abuse of her. The affidavit states that T.J. gave October 12, 2008, as a specific date on which appellant had sexual intercourse with her. The affidavit also says that T.J. "states that she did document some of the sexual assault[s] by her father in a journal or diary that she believes is locked in a safe at his residence." It also relates that appellant was arrested on October 16 and told investigators that his daughter "has walked naked in front of him."

Analysis

Through his sole issue, appellant contends the trial court abused its discretion by finding sufficient probable cause in the affidavit presented for the issuance of the search warrant.

A trial court's ruling on a motion to suppress, like any ruling on the admission of evidence, is subject to review on appeal for abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006). The trial court's ruling will be upheld if it is

reasonably supported by the record and is correct under any theory of law applicable to the case. *Amador v. State*, 275 S.W.3d 872, 878-79 (Tex.Crim.App. 2009) (*citing Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex.Crim.App. 2008)).

When reviewing a decision by a judge or magistrate to issue a search warrant, we apply the deferential standard of review articulated by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex.Crim.App. 2007). That is, we uphold the probable cause determination "so long as the magistrate had a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236. "Probable cause exists when, under the totality of circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location." *Rodriguez*, 232 S.W.3d at 60 (*citing Gates,* 462 U.S. at 238).

The facts submitted for the magistrate's probable cause determination are those contained within the four corners of the affidavit, which facts are to be read in a common-sense and realistic manner. *Davis v. State*, 202 S.W.3d 149, 154 (Tex.Crim.App. 2006) (*citing Cassias v. State*, 719 S.W.2d 585, 587 (Tex.Crim.App. 1986)). *See* Tex. Code Crim. Proc. Ann. art. 18.01(b) (West 2010) ("A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested"). In addition, our review must recognize that a magistrate may draw reasonable inferences from the facts stated in the affidavit. *Rodriguez*, 232 S.W.3d at 61. When in doubt about the propriety of the magistrate's

conclusion, we defer to all reasonable inferences the magistrate could have made. *Id.*; *see State v. McLain,* 337 S.W.3d 268, 271 (Tex.Crim.App. 2011) (applying standard).

The reliability of the affiant and his sources of information are part of the "totality of the circumstances" that the magistrate should evaluate in making the probable cause determination. *State v. Anderson*, 917 S.W.2d 92, 96 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). A magistrate may evaluate information supplied by an average citizen, another officer or, as in this case, an identified complainant, differently than that supplied by a police informant or anonymous tipster. *See Gates,* 462 U.S. at 245-46.

Appellant's argument focuses primarily on the statements made in the deputy's affidavit. If by his argument appellant is suggesting that the magistrate's consideration of the information contained in the complainant's statements appended to the deputy's affidavit violates the "four corners" doctrine, we disagree.[3] *See Smith v. State*, 207 S.W.3d 787, 794 (Tex.Crim.App. 2006) (doctrine states that court is to determine whether probable cause for issuance of search warrant was established based on the "four corners" of the affidavit). As noted, the complainant's statements were expressly referred to in the affidavit, and physically attached to it. The magistrate was free to consider their contents in the probable cause determination. *See Barnes v. State,* 876

---

[3] Nor does the Fourth Amendment preclude a magistrate from relying on information contained in a writing incorporated in and presented along with a search warrant affidavit. *See generally* 2 Wayne R. LaFave, Criminal Practice Series: Search & Seizure, § 4.3(d) (4th ed 2004) (citing cases). The constitutional permissibility of such a practice is demonstrated by the Supreme Court's opinion in *Gates*, 462 U.S. at 236, in which a copy of an anonymous letter sent to police was submitted to the magistrate along with the affidavit. The Court's opinion discusses in some detail the magistrate's reasonable reliance on the contents of the anonymous letter. *Id.* at 243-46.

S.W.2d 316, 327 (Tex.Crim.App. 1994) (holding that preferred practice is to incorporate appendices to an affidavit by reference); *Davis v. State,* No. 06-05-00222-CR, 2007 Tex.App. LEXIS 2269, at *17 (Tex.App.—Texarkana 2007, pet. ref'd) (mem. op., not designated for publication); *Boley v. State,* 16 S.W.3d 95, 98 (Tex.App.—Houston [1st Dist.] 2000, no pet.) (both applying *Barnes*); 40 George E. Dix and John M. Schmolesky, Texas Practice: Criminal Practice & Procedure § 9:21 (3d ed. 2011) (discussing *Barnes*).

With regard to the contents of T.J.'s statements, appellant argues the information supplied by the 14-year-old was uncorroborated. The law imposes no requirement that information provided by the victim of an offense be corroborated to support issuance of a warrant. *See, e.g., Anderson,* 917 S.W.2d at.97.[4] Despite T.J.'s relatively young age, the magistrate committed no abuse of discretion by considering her statements sufficiently reliable to support a determination of probable cause. Moreover, the deputy's affidavit provided the additional information that appellant, after his arrest, told investigators that his 14-year-old daughter had walked naked in front of him. The magistrate would not have been unreasonable to take the statement as some corroboration of the existence of an improper relationship between father and daughter.

Appellant also points to a discrepancy between the deputy's affidavit and the complainant's statements regarding the occurrence on October 12, 2008. The deputy

---

[4] It is worth pointing out here that the testimony of a child victim alone is sufficient to support a conviction for a sexual offense. *Cantu v. State,* 366 S.W.3d 771, 775 (Tex.App.—Amarillo 2012, no pet.); *Karnes v. State,* 873 S.W.2d 92, 96 (Tex.App.—Dallas 1994, no pet.).

gave that date as one on which a sexual assault occurred; T.J. said that was the last date on which her father took a nude picture of her, and the last time her father had sex with her was "about two weeks ago at his house." In the magistrate's common-sense reading of the affidavit and its attached statements, he was not required to view such a discrepancy as undermining the probative value of the information provided. *See Green v. State,* 799 S.W.2d 756, 759-60 (Tex.Crim.App. 1990) ("purely technical discrepancies in dates or times do not automatically vitiate the validity of search or arrest warrants"). *See also Gates,* 462 U.S. at 246 n.14 (addressing a discrepancy in the anonymous letter to police and noting the Court has never required informants to be infallible).

Appellant's brief also mentions "staleness." The facts submitted to the magistrate in support of a search warrant must justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *McKissick v. State*, 209 S.W.3d 205, 214 (Tex. App.--Houston [1st Dist.] 2006, pet. ref'd) (citing *Cassias*, 719 S.W.2d at 587). Appellant argued at the motion to suppress hearing that because T.J. alleged appellant last had sexual intercourse with her two weeks before October 16, the information contained in the affidavits supporting the search warrants was stale. When the affidavit recites facts indicating activity of a protracted and continuous nature, the passage of time becomes less significant. *McKissick*, 209 S.W.3d at 214. Here, the issuing magistrate could reasonably have inferred that the acts alleged in the affidavit were ongoing for the three years prior to the issuance of the warrant. Further, from T.J.'s statements, the magistrate reasonably could have inferred that evidence such as journals, documents, cell phones, clothing, electronic devices and computer software, evidence not of a transient nature, probably

7

would be present.  *See McKissick*, 209 S.W.3d at 215; *Benedict v. State,* No. 05-07-01384, 2008 Tex.App. LEXIS 9266, at *4-5 (Tex.App.—Dallas Dec. 15, 2008, pet. ref'd) (mem. op., not designated for publication) (both containing similar analysis).

The information given the magistrate in the affidavit with its attached statements signed by the victim of the offenses alleged was sufficient to permit the magistrate to conclude there was a fair probability that evidence of the offenses would be found at appellant's residence.  The trial court did not abuse its discretion by denying appellant's motion to suppress.  We resolve appellant's sole issue against him and affirm the judgment of the trial court.

James T. Campbell
Justice

Publish.