

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00130-CR
_____

LYNN ALLEN ISBELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 35th District Court
Brown County, Texas
Trial Court No. CR24450; Honorable Sam C. Moss, Presiding

October 22, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Lynn Allen Isbell, appeals from his conviction by jury of the offense of aggravated assault with a deadly weapon,[1] enhanced by a prior felony conviction, and the resulting sentence of imprisonment for life.[2] Through two issues, Appellant contends

---

[1] TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2019).

[2] TEX. PENAL CODE ANN. § 12.33 (West 2019) (providing punishment for second degree felony); TEX. PENAL CODE ANN. § 12.42(b) (West 2019) (providing punishment for habitual offenders such that conviction for second degree felony is punished as a felony of the first degree when it is shown the defendant has previously been finally convicted of a felony).

the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. We affirm.[3]

BACKGROUND

Appellant was charged with "intentionally and knowingly threaten[ing] Terry Pelton with imminent bodily injury by pointing a firearm at him." At trial, the State presented evidence to show that on November 21, 2015, Terry and Carlene Pelton, owners of an auto towing and recovery business, went to Appellant's home to repossess a vehicle. During the interaction, Appellant came out of his house, and when he was about ten to twenty feet from Terry, pulled a black semi-automatic pistol out from behind his back. He pointed it at Terry's chest and told him, "You ain't taking this car, you son of a bitch." Carlene called 911 to report the incident. Carlene then saw Appellant take the gun inside the house.

Officers responded to the 911 call but decided not to arrest Appellant that day. An investigator with the Brown County Sheriff's Office subsequently contacted the Peltons via telephone. The investigator took the information from the responding officers and his conversation with the Peltons and prepared an affidavit in support of a search warrant to seize evidence from Appellant's home. On November 30, 2015, a magistrate issued a search warrant based on that affidavit. The search warrant, which authorized officers to

---

[3] Originally appealed to the Eleventh Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Eleventh Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

search for a handgun and handgun ammunition, was executed two days later on December 2, 2015.

When officers executed the search warrant, they found a black Baretta .22 caliber semi-automatic handgun underneath Appellant's mattress in his bedroom matching the handgun described in the affidavit.[4]  It is this evidence Appellant sought to suppress in his motion to the court.  The court held a hearing after which it denied Appellant's motion. Following a jury trial, Appellant filed a *Notice of Appeal* seeking a review of the trial court's decision to deny that motion.

### ISSUE ONE—RELIABILITY AND CREDIBILITY OF CITIZEN-INFORMANT

In Appellant's first issue, he argues the trial court erred in denying his motion to suppress because the affidavit on which the search warrant was issued "did not contain sufficient facts to provide a substantial basis to determine that the information provided by named citizen informers was inherently credible and reliable."  The State responds that Appellant's issue on appeal does not comport with his legal theories advanced to the trial court and thus, he has forfeited this issue for appellate review.  We agree with the State.

An issue on appeal must comport with the objection made at trial, and an objection on one legal theory may not be used to support a different legal theory on appeal. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Rezac v. State,* 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Therefore, when an issue on appeal does not comport with

---

[4] In addition, officers seized twelve other firearms, approximately 1900 rounds of ammunition, suspected controlled substances, marijuana, and body armor.

theories advanced at trial, an appellant forfeits his right to raise the new argument on appeal. *Clark,* 365 S.W.3d at 339.

At the hearing on his motion to suppress, Appellant relied on his written brief, advancing three theories on which he argued the affidavit supporting the search warrant was insufficient: (1) that the search warrant is conclusory and does not provide probable cause; (2) that it is stale; and (3) that the "search warrant itself finds facts sufficient to find probable cause to allow the home to be searched for controlled substances, but yet orders the home to be searched for firearms and ammunition, which is basically a variance and a defective issue on the search warrant . . . ."[5] None of these three theories challenge the reliability and credibility of the Peltons. Because the issue raised at trial does not comport with the issue raised on appeal, Appellant has forfeited this issue for appellate review. We overrule Appellant's first issue.

### ISSUE TWO—STALENESS

In Appellant's second issue, he contends the trial court erred in overruling his motion to suppress because the facts set out in the affidavit on which the search warrant was issued had become stale by the time the warrant was issued. The State responds that under the facts of this case, the facts on which the search warrant affidavit relied had not become stale and therefore, the trial court did not err.

---

[5] While the *Search and Arrest Warrant* does state that the magistrate finds the affidavit in support of the warrant to contain "information sufficient to establish probable cause for the issuance of this warrant to search for and seize the said *controlled substances,*" (emphasis added) it goes on to state "YOU ARE THEREFORE COMMANDED TO FORTHWITH SEARCH THE PLACE ABOVE NAMED AND DESCRIBED WHERE THE SAID FIREARM and AMMUNITION, TO-WIT: a black semi-automatic handgun and handgun ammunition . . . ." (emphasis in original). Inadvertent mistakes such as this do not render the warrant unenforceable. *Rios v. State,* 901 S.W.2d 704, 708 (Tex. App.—San Antonio 1995, no pet.). While Appellant did raise this issue before the trial court below, he does not raise that issue of appeal.

A trial court's ruling on a motion to suppress is subject to review on appeal for abuse of discretion. *Jarnagin v. State,* 392 S.W.3d 223, 226-27 (Tex. App.—Amarillo 2012, no pet.) (citing *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). The trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Id.* (citing *Amador v. State*, 275 S.W.3d 872, 878-79 (Tex. Crim. App. 2009)). When reviewing a decision by a judge or magistrate to issue a search warrant, we apply the deferential standard of review set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 236 (1983). *Id.* (citing *Rodriguez v. State,* 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)). Under that standard, we uphold the probable cause determination "so long as the magistrate had a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing." *Id.* (citing *Gates,* 462 U.S. at 236). "Probable cause exists when, under the totality of circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location." *Id.* (citations omitted). The "facts submitted for the magistrate's probable cause determination are those contained within the four corners of the affidavit, which facts are to be read in a common-sense and realistic manner." *Id.* (citing *Davis v. State,* 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); *Cassias v. State,* 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West 2010) ("A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.")). Further, our review recognizes a magistrate may draw reasonable inferences from the facts set forth in the affidavit. *Id.* (citing *Rodriguez,* 232 S.W.3d at 61). "When in doubt about the propriety of the magistrate's conclusion, we defer to all reasonable inferences the magistrate could

have made." *Id.* (citing *Rodriguez,* 232 S.W.3d at 61; *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (applying standard)).

With regard to staleness, the facts submitted to the magistrate in support of a search warrant must justify a conclusion that the object of the search is probably on the premises to be searched at the time the warrant is issued. *Jarnagin*, 392 S.W.3d at 228 (citing *McKissick v. State*, 209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)). The Court of Criminal Appeals has stated that the "proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued." *Crider v. State*, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011) (citing *McKissick,* 209 S.W.3d at 214; *Gonzales v. State,* 761 S.W.2d 809, 813 (Tex. App.—Austin 1988, pet. ref'd)). The Court in *Crider* also quoted the Tenth Circuit's explanation that:

> Probable cause is not determined by merely counting the number of days between the time of the facts relied upon and the warrant's issuance. The significance of the length of time between the point probable cause arose and when the warrant issued depends largely upon the property's nature, and should be contemplated in view of the practical considerations of everyday life. The test is one of common sense.

*Crider,* 352 S.W.3d at 707, n.9 (citing *United States v. Brinklow*, 560 F.2d 1003, 1005-06 (10th Cir. 1977)).

In the case before us, the incident occurred on November 21, 2015, and the warrant was issued on November 30, 2015; therefore, nine days elapsed between the two. The property at issue was a firearm. The facts set forth in the affidavit, written by a

narcotics officer in the Brown County Sheriff's Office with fourteen years of experience, show a single, nonrecurring crime occurring on a specific occasion rather than an ongoing or continuous enterprise. Furthermore, the object of the search warrant was a tangible, non-consumable object not likely to be discarded, disposed of, or physically altered. Under those circumstances, "the question to be considered is how long after that time or date evidence of that single crime can be expected to remain at the scene." *Ponce v. State,* No. 02-14-00409-CR, 2015 Tex. App. LEXIS 7670, at \*5 (Tex. App.—Fort Worth July 23, 2015, no pet.) (mem. op., not designated for publication) (citing *Crider,* 352 S.W.3d at 707-08).

The Court in *Crider* set forth four factors to consider in making this determination: (1) the type of crime; (2) the type of suspect, whether a "nomadic traveler, entrenched resident, or established ongoing businessman"; (3) the type of item to be seized, whether it be "perishable and easily transferred . . . or of enduring utility to its holder"; and (4) the place to be searched, that is whether it is "a mere criminal forum of convenience or secure operational base." *Crider*, 352 S.W.3d at 708 (citations omitted). Therefore, in certain situations "it may be reasonable under all the circumstances to presume that [the relevant items] are still where they once were—even after a considerable lapse of time." *Gonzales v. State,* 761 S.W.2d at 813 (collecting cases holding information in affidavit was not stale even after as much as two years elapsed).

Given the circumstances of this case, we find the facts alleged in the probable cause affidavit are sufficient to justify the conclusion that the firearm and ammunition sought to be seized would probably be found at Appellant's residence. The offense involved was aggravated assault with a deadly weapon, to-wit: a gun. Appellant was a

7

resident of the home where the incident occurred. The affidavit included the information that the residence was Appellant's and he was found there on November 21, in possession of a firearm. The item sought to be seized, the gun, is of a type that is of "enduring utility" to its owner. *See, e.g., United States v. Sharkey,* No. 03-6104, 2004 U.S. App. LEXIS 24214, *13-14 (6th Cir. Nov. 18, 2004) (agreeing with magistrate's conclusion that firearms are things of enduring utility and not perishable); *United States v. Crowe,* No. 5:15-CR-106-DCR-REW, 2016 U.S. Dist. LEXIS 35368, *20-21 (E.D. Kentucky March 4, 2016) (collecting cases characterizing firearms as items of enduring utility to the holder). Carlene told officers she saw Appellant take the gun back into the home after the altercation. The deputy who prepared the search warrant affidavit averred that Appellant's criminal history indicated past offenses involving firearms and guns. In fact, Appellant would not have been legally permitted to possess a firearm until August 26, 2018, (almost three years subsequent to the date of the offense) due to past felony convictions. The affiant was that of an experienced officer of fourteen years and he opined that the firearm would be found at Appellant's residence, particularly given Appellant's criminal history involving firearms. The information from the responding officers and the information from the telephone conversation with the Peltons was received within nine days of the issuance of the warrant. The nine-day time period was not so significant as to render the information contained in the affidavit stale. *See, e.g., United States v. Shomo,* 786 F.2d 981, 984 (10th Cir. 1986) (concluding ten-day period between the time defendant was seen carrying a revolver and issuance of the warrant was not so long that the information contained in the affidavit had become stale. The Court noted also that "[a]lthough the criminal activity alleged in the affidavit was not of a

continuous and ongoing nature, the nature of the property to be seized and the place to be searched make the ten-day delay inconsequential.").

Under these circumstances, giving due regard to the reasonable inferences that can be drawn from the facts set forth in the affidavit, we find it reasonable for the magistrate to have concluded, at the time the warrant was issued, that the handgun and ammunition referenced in the warrant would still be located in Appellant's residence. Thus, the information in the affidavit was not stale and the trial court did not err in denying Appellant's motion to suppress. We resolve Appellant's second issue against him.

## CONCLUSION

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Patrick A. Pirtle
Justice

Do not publish.