NO. 07-11-0002-CR
NO. 07-11-0003-CR
NO. 07-11-0004-CR
NO. 07-11-0005-CR
NO. 07-11-0006-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 15, 2012

_____

BARRY KENT BARRETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;
NOS. 20,766-A; 20,767-A; 21,200-A; 21,201-A; 21,615-A;
HONORABLE DAN SCHAAP, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Appellant, Barry Kent Barrett, pled guilty to one count of online solicitation of a

minor and was sentenced to eighteen years confinement and a fine of $5,000.[1]  He also

pled guilty to twelve counts of possession of child pornography and was sentenced to

---

[1]Cause No. 20,766-A.  *See* Tex. Penal Code Ann. § 33.021(b)(2) (West 2011).

ten years confinement as to each offense.[2]  Finally, he pled guilty to four counts of promotion of child pornography and was sentenced to ten years confinement as to each offense.[3]  All seventeen sentences were ordered to run concurrently.  By one issue stated in three subparts, Appellant asserts the trial court erred by denying his motion to suppress when (1) the affidavit in support of the search warrant lacked sufficient allegations to establish probable cause that evidence of child pornography was probably on the premises searched; (2) items were seized that were not identified in the search warrant; and (3) the warrant was based on stale information.  We affirm.

### PROBABLE CAUSE

A search warrant cannot issue unless it is based on probable cause as determined from the four corners of an affidavit.  U. S. Const. amend IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b) ("A sworn affidavit . . . establishing probable cause shall be filed in every instance in which a search warrant is requested.")  When reviewing a magistrate's decision to issue a warrant, we apply a highly deferential standard in keeping with the constitutional preference for a warrant.  *Rodriguez v. State*, 232 S.W.3d 55, 59-60 (Tex.Crim.App. 2007) ("[E]ven in close cases we give great deference to a magistrate's determination of probable cause to encourage police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement.")

---

[2]Cause Nos. 20,767-A (two counts); 21,200-A (five counts); 21,201-A (five counts).  *See* Tex. Penal Code Ann. § 43.26(a) (West 2011).

[3]No. 21,615-A.  *See* Tex. Penal Code Ann. § 43.26(e) (West 2011).

Under the Fourth Amendment and the Texas Constitution, an affidavit supporting a search warrant is sufficient if, from the totality of circumstances reflected in the affidavit and the reasonable inferences it supports, the magistrate was provided with a substantial basis for concluding that probable cause existed. *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex.Crim.App. 2004). Probable cause exists to issue an evidentiary search warrant if the affidavit shows facts and circumstances to warrant a person of reasonable caution to believe that the criteria set forth in article 18.01(c) of the Code of Criminal Procedure have been met. That is, the affidavit must set forth facts establishing that (1) a specific offense has been committed, (2) the item to be seized constitutes evidence of the offense or evidence that a particular person committed the offense, and (3) the item is located at or on the person, place or thing to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c). *See Tolentino v. State,* 638 S.W.2d 499, 501 (Tex.Crim.App. [Panel Op.] 1982).

A reviewing court should not invalidate a warrant by interpreting the affidavit in a hypertechnical manner. *See Rodriguez*, 232 S.W.3d at 59. Rather, when a court reviews an issuing magistrate's determination, the court should interpret the affidavit in a commonsense and realistic manner, recognizing that the magistrate may draw reasonable inferences. *Id.* at 61. ("When in doubt, we defer to all reasonable inferences that the magistrate could have made.") "The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that *are* in the affidavit, not those that are omitted from the affidavit." *Id.* at 62. Furthermore, the magistrate's determination should prevail in doubtful or marginal cases. *Flores v. State*, 319 S.W.3d 697, 702 (Tex.Crim.App.

3

2010). Accordingly, we apply a deferential standard of review to determine whether the facts that actually were in the affidavit, combined with all the reasonable inferences that might flow from those facts, are sufficient to establish probable cause. *Rodriguez,* 232 S.W.3d at 64. ("We must defer to the [issuing] magistrate's finding of probable cause if the affidavit demonstrates a substantial basis for his conclusion.")

Here, the affidavit provided in support of the search warrant in question alleges that Amarillo Police Department Sergeant Dustin Ponder received information via FBI Special Agent Ryan Allen that, on April 30, 2009, Agent Allen, logged onto a Yahoo! Instant Messenger chat program posing as a twelve year old female under the screen name "annababee12." While in the program, Agent Allen entered into a chat session with a person identified as "Brad Jones." During that chat session, "Brad Jones" sent Agent Allen ten images of suspected child pornography. "Brad Jones" showed to have a Yahoo! User I.D. of "texasdudetwo." On May 4, 2009, the FBI issued a subpoena to Yahoo! Inc. to obtain information regarding the identity of "texasdudetwo." Yahoo! Inc. identified the internet protocol address of "texasdudetwo" as being 74.197.94.29.[4] Yahoo! Inc. further identified Suddenlink Communications as the internet provider that owned that particular IP address. On May 12, 2009, the FBI subpoenaed Suddenlink Communications for information pertaining to the subscriber associated with that IP address. Suddenlink Communications identified the subscriber as Barry Barrett, 5021

---

[4]An internet protocol address, commonly referred to as an "IP address," is a numerical label, consisting of four numbers (ranging from 1 to 255) separated by periods, uniquely assigned to every device (e.g., computer, printer, cell phone) participating in a computer network that uses the internet protocol for communication. *United States v. Vázquez-Rivera,* 2011 U. S. App. LEXIS 25554, at 4-5 (1st Cir. Dec. 22, 2011) (citing *In re Pharmatrak, Inc.,* 329 F.3d 9, 13 n.1 (1st Cir. 2003)).

John Drive, Amarillo, Texas 79110-2313.[5]  On June 1, 2009, Sergeant Ponder received from the FBI copies of the subpoenas and returns, together with two CDs and ten printed photographs.  Sergeant Ponder reviewed four of the photographs which he described in the affidavit as minor girls posing nude.  Based on this information, Sergeant Ponder averred that he believed that "suspected part[ies]," including Appellant, were in charge of a "suspected place," 5021 John Dr., Amarillo, Texas, and that he believed that evidence of a specific crime, "possession and/or promotion of child pornography," would be found at that location.  He further indicated that, based on his training and experience in the investigation of sexual offenses against children, he believed that evidence of that offense might be found at that address because it was common for individuals engaging in such activity to store such images on computer media.  He also believed, based on his training and experience, that persons who collected images of child pornography do not dispose of them on a regular basis but store them for long periods of time.

While the possibility does exist that someone using a computer device with that particular IP address could have accessed the internet through a portal other than the access provided by Suddenlink Communications to that particular residential address, because pornographic images were transmitted over the internet using a computer device associated with that physical address, it would not be unreasonable for the magistrate to infer that someone did so using a computer device located at that

---

[5]Web page and internet providers such as Yahoo! Inc. and Suddenlink Communications have a vested interest in protecting their users from viewing materials that violate local, state, national, and international law.  *Cotter v. State,* Nos. 07-11-00124-CR, 07-11-00125-CR, 2012 Tex. App. LEXIS 526, at *10 n.8 (Tex.App.—Amarillo Jan. 24, 2012, no pet.) (citing *Dawes v. State,* No. 05-08-00651-CR, 2009 Tex. App. LEXIS 2364, at *13-14 (Tex.App.—Dallas Apr. 3, 2009, no pet.) (not designated for publication)).  Information from such sources carries an indicia of reliability*.  Id.*

address.  *Porath v. State,* 148 S.W.3d 402, 409 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *State v. Duncan,* 72 S.W.3d 803, 807 (Tex.App.—Fort Worth 2002, pet. ref'd). Therefore, based upon the contents of the affidavit, we hold that the issuing magistrate could have reasonably concluded a probability existed that child pornography would be found at that address.  *See Cotter v. State,* Nos. 07-11-00124-CR, 07-11-00125-CR, 2012 Tex. App. LEXIS 526, at *9-13 (Tex.App.—Amarillo Jan. 24, 2012, no pet.).[6]

Appellee relies heavily on *Taylor v. State*, 54 S.W.3d 21 (Tex.App.—Amarillo 2001, no pet.), in asserting the affidavit is deficient. Upon comparison, however, the circumstances of *Taylor* are distinguishable from the facts of this case.  In *Taylor*, there was no specific evidence that the individual who was the subject of the search was registered to the screen name used to send the pornographic image at the time of its transmission.  *Id.* at 26.  Rather, the affiant's representation was that the screen name "somehow c[ame] back to [the individual]."  *Id.*  Here, we have evidence from two reliable sources, Yahoo! Inc. and Suddenlink Communications, that images depicting child pornography were transmitted via the internet by someone using IP address 74.197.94.29, and that IP address was associated with internet service provided to the address the subject of the search warrant in question.

Considering the totality of the circumstances, the issuing magistrate could have reasonably inferred from the facts set forth in the affidavit the following:  (1) suspected persons, including Appellant, resided at the residence located at 5021 John Drive,

---

[6]*See also Armstrong v. State,* No. 10-08-00114-CR, 2009 Tex. App. LEXIS 2971, at *3-5 (Tex.App.—Waco Apr. 29, 2009, no pet.) (not designated for publication); *State v. Moore,* No. 05-06-01295-CR, 2007 Tex. App. LEXIS 9628, at *15 (Tex.App.—Dallas Dec. 11, 2007, pet. ref'd) (not designated for publication).

Amarillo, Texas; (2) Suddenlink Communications provided internet access to that address; (3) a computing device connecting to the internet through that access was assigned IP address number 74.197.94.29; (4) IP address number 74.197.94.29 was associated with "Brad Jones" whose Yahoo! User ID was "texasdudetwo"; and (5) someone using that IP address possessed and distributed images depicting child pornography. Accordingly, we conclude the affidavit in support of the search warrant in question contained sufficient allegations to establish probable cause that evidence of child pornography would be found at 5021 John Drive, Amarillo, Texas.

### SEIZURE OF UNLISTED ITEMS

Appellant next asserts that officers illegally seized female underwear while executing the search warrant because the warrant did not specifically describe those items. The State contends the seizure of the underwear was justified by the plain view doctrine. Appellant contends the plain view doctrine is inapplicable because the search warrant did not specifically list female underwear as an item to be seized and the mere possession of female underwear is not unlawful.

It is well established that under certain circumstances the police may seize, without a warrant, evidence of a crime that is in plain view. *Horton v. California*, 496 U.S. 128, 134, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). Where the initial intrusion that brings the police within plain view of the evidentiary item is supported by a warrant, it is not the search, but the seizure which becomes the focus of the constitutional analysis. *Id.* at 135-36. The plain view doctrine may not be used to extend a search supported by a warrant for a specified item into a general exploratory search for incriminating

7

evidence. *Id.* at 136. The extension of the plain view doctrine to the seizure of an unspecified item is legitimate "only where it is immediately apparent to the police that they have evidence [of a crime] before them . . . ." *Id.* Therefore, under the plain view exception to the warrant requirement, seizure of unspecified items is only lawful if three requirements are met. First, law enforcement officials must lawfully be where the item can be "plainly viewed"; second, the "incriminating character" of the item in plain view must be "immediately apparent" to the officials; and third, the officials must have the right to access the item. *Keehn v. State,* 279 S.W.3d 330, 334 (Tex.Crim.App. 2009) (citing *Horton,* 496 U.S. at 137).

Here, although not attached to the search warrant as evidence of probable cause, officers executing the search warrant were aware of chat logs, received from the FBI, containing a transcript of chat sessions between "Brad Jones" and "annababee12." During online chat sessions with Agent Allen, "Brad Jones" referred to himself as "pantiefetishguy," expressed interest in the type of underwear worn and owned by "annababee12," requested pictures of her underwear, and indicated that he masturbated with girls' underwear while inviting "annababee12" to participate in that activity with him. During the execution of the search warrant, officers seized thirty-three pair of female underwear from Appellant's bedroom. Officers found eighteen pair of female underwear, both women's and children's, lying around Appellant's computer and in a cabinet underneath his computer, two pair in his bedroom closet and thirteen pair in a shaving kit bag.

Having found the search warrant was valid, we also find the officers were lawfully where the underwear could be "plainly viewed." Furthermore, given the chat logs

already known to the officers, the "incriminating character" of the underwear was "immediately apparent," and they had the right to seize that evidence. *Keehn,* 279 S.W.3d at 334. Therefore, although female underwear was not specifically listed on the search warrant as an item to be seized, the seizure was lawful under the plain view doctrine.[7]

### STALE INFORMATION

We agree with the State that the information contained in Sergeant Ponder's affidavit was not stale. To support the issuance of a warrant, the facts relied upon in the probable cause affidavit must not have become "stale" by the time the warrant is issued; *Kennedy v. State*, 338 S.W.3d 84, 93 (Tex.App.—Austin 2011, no pet.), and the "proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued." *Crider v. State*, 352 S.W.3d 704, 707 (Tex.Crim.App. 2011) (quoting *McKissick v. State*, 209 S.W.3d 205, 214 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd)).

Although the passage of time is one factor that should be considered when determining if the information in an affidavit is stale, the amount of time passed is less significant if the affidavit contains facts showing "activity of a protracted and continuous nature, i.e., a course of conduct." *Kennedy*, 338 S.W.3d at 93 (citing *McKissick*, 209

---

[7]As for those items of evidence which were not easily seen upon entering Appellant's bedroom, e.g., the underwear located in the closet, cabinet drawers and shaving kit, officers were lawfully permitted to search the "suspected place" for any device which might store pornographic images. Because electronic computer memory devices can be easily concealed in a myriad of places, including closets, cabinets and shaving kits, the officers were lawfully searching places where the items were in plain view.

9

S.W.3d at 214).  Further, a determination regarding whether the information in an affidavit is stale should also involve consideration of the type of property to be seized and the probability that the property has been consumed or relocated.  *Kennedy*, 338 S.W.3d at 93 (citing *State v. Bradley*, 966 S.W.2d 871, 875 (Tex.App.--Austin 1998, no pet.)).  The type of property that was the subject of this search, a pornographic image transmitted over the internet via digital media, is the type of item that is customarily uploaded onto the internet and/or downloaded and stored on a personal computer, and such property is often retrievable even after it had been purportedly erased from that computer.  *McKissick,* 209 S.W.3d at 215.

The affidavit tendered to the magistrate in support of the warrant in question states that the investigation leading to this prosecution commenced on April 30, 2009, and that it relied upon information received pursuant to subpoenas issued May 4 and May 12, 2009.  The affidavit further states that, based upon the affiant's training and experience in the field of investigating sexual offenses against children, persons who collect pornographic images, such as those transmitted to Agent Allen, do not dispose of them on a regular basis, but instead tend to store them for long periods of time.  The warrant in question was issued at 2:55 p.m. on June 16, 2009, and was formally executed at 8:45 a.m. on June 17, 2009.  Thus, the warrant in question was obtained and executed within forty-eight days of the date the suspect first transmitted (and therefore possessed) images depicting child pornography.

Considering the affidavit as a whole and the reasonable inferences it supports, we conclude the issuing magistrate had a substantial basis to find that a fair probability existed that images depicting child pornography would continue to be on or recoverable

from a computer device that would be readily accessible to one of the suspected parties at the residential address stated in the search warrant. *See id.* Accordingly, we conclude the information contained in Sergeant Ponder's affidavit was not stale.

## Conclusion

Having addressed Appellant's arguments seriatim, we find the trial court did not err in denying Appellant's motion to suppress. Appellant's issue is overruled and the trial court's judgments are affirmed.

Patrick A. Pirtle
Justice

Publish.