

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00330-CR

JONATHON SEARS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Jonathon Sears of the felony offense of unlawful possession of a firearm by a felon,[2] and, upon his plea of true to the habitual offender paragraph, the trial court sentenced him to eight years' confinement. Appellant brings three issues on appeal, challenging the validity of the search warrant resulting in the discovery of the firearm and the sufficiency of the evidence

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 46.04(a) (West 2011).

linking him to the firearm and contending that he received ineffective assistance of counsel at trial. Because Appellant did not preserve his challenge to the warrant below, the evidence sufficiently links him to the firearm, and he has not satisfied his burden to prove both prongs of his ineffective assistance of counsel claim, we affirm the trial court's judgment.

**Validity of the Warrant**

In his first issue, Appellant challenges the seizure of the firearm. But Appellant did not file a motion to suppress. Additionally, when the State offered the firearm and the clip into evidence, trial counsel stated that he had no objection. To preserve error about the illegal seizure of evidence, a defendant must either file a motion to suppress and obtain a ruling on the motion or timely object when the State offers the evidence at trial.[3]

Appellant concedes that trial counsel made no effort to challenge the warrant and filed no motion to suppress the fruits of the search. He admits that trial counsel wholly failed to preserve this complaint for appellate review. We therefore overrule Appellant's first issue.

**Sufficiency of the Nexus**

In his second issue, Appellant contends that the evidence is insufficient to link him to possession of the firearm. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most

---

[3]*Ratliff v. State,* 320 S.W.3d 857, 860 (Tex. App.—Fort Worth 2010, pet. ref'd).

favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[5]  The trier of fact is the sole judge of the weight and credibility of the evidence.[6]  Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[7]  Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict."[8]  We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[9]

---

[4]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[5]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Isassi*, 330 S.W.3d at 638.

[6]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009).

[7]*Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

[8]*Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

[9]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Isassi*, 330 S.W.3d at 638.

An essential element of the offense of felon in possession of a firearm is that the convicted felon possess the firearm.[10] When the accused is not in exclusive possession of the location where the contraband, in this case the firearm, is found, the State must establish "additional independent facts and circumstances" that "link" the accused in such a manner that it can be concluded that the accused had knowledge of the firearm and exercised control over it.[11]

Officer Rodney McMullin approached a house to execute the search warrant; he saw a man he later identified as Appellant standing at a front window. McMullin identified Appellant as that man during the trial. When McMullin entered the house, he went to the front bedroom of the house where he had seen Appellant standing in the front window. On the way there, he encountered Appellant and secured him. McMullin saw a pistol lying on a table near the window where he had seen Appellant standing.

Appellant was not alone in the house. There were two other people present when the officers executed the warrant.

Latent prints were found on the magazine inside the pistol. Deborah Smith, a latent print examiner for the Fort Worth Police Department Crime Laboratory, compared the prints to those of Appellant and determined that the two sets of prints matched.

---

[10]*See* Tex. Penal Code Ann. § 46.04(a).

[11]*Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).

Appellant argues that had the gun been his, his prints would have been "all over the weapon itself." Additionally, he argues that evidence of his possession fails because there is no evidence regarding when he touched the magazine or if he, in fact, inserted the clip into the weapon. Appellant argues that the evidence shows only that he touched the clip and not that he actually possessed the firearm itself. He also points to the presence of the two other people in the house at the time of his arrest.

The jury could have properly inferred that Appellant possessed the gun, given that its magazine found inside contained his fingerprints and that the gun was found in the same bedroom and near the spot he stood when the police first saw him upon their arrival at the house.

Applying the appropriate standard of review, we hold that the evidence is sufficient to show that Appellant possessed the firearm and to support his conviction. We overrule Appellant's second issue.

**Ineffective Assistance of Counsel**

In his third issue, Appellant argues that his trial counsel rendered ineffective assistance of counsel because there is no evidence of any trial preparation whatsoever. No pretrial motions were filed, no motion to suppress was filed, there is no evidence of any attempted discovery, and trial counsel did nothing to challenge the search that produced the firearm. Retained counsel did nothing during the trial except elicit from Appellant his desire not to testify at trial and bring in co-counsel at

the last minute. Co-counsel had time only to file a single motion in limine on the day of trial.

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.[12]

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.[13] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[14] Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation.[15] A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.[16] "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the

---

[12] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

[13] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[14] *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.

[15] *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

[16] *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14.

motives behind trial counsel's actions."[17]   To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness."[18]   It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record.[19]

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial with a reliable result.[20]   In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[21]   A reasonable probability is a probability sufficient to undermine confidence in the outcome.[22]   The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged.[23]

---

[17]*Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63).

[18]*Id.* (quoting *Thompson*, 9 S.W.3d at 813).

[19]*Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

[20]*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

[21]*Id.* at 694, 104 S. Ct. at 2068.

[22]*Id.*

[23]*Id.* at 697, 104 S. Ct. at 2070.

As inadequate as trial counsel's performance appears from the record available to this court, we cannot say that Appellant has met his burden to prove both prongs of the *Strickland* standard.

Appellant contends that trial counsel should have challenged the warrant and supporting affidavit. Appellant addresses the defects that he perceives in the warrant and supporting affidavit. Although the affidavit does not explain as thoroughly as it could the reasons that the confidential informant could be relied on, the officers did not rely solely on unverified statements of the informant. The officers observed heavy traffic to and from the house, consistent with the sale of contraband from the house. The informant conducted a controlled buy at the drug house for police officers, showing that drugs were possessed inside the house and being sold from the house. The affidavit provided the magistrate with a substantial basis for deciding that probable cause existed, and the warrant was sufficiently valid to support the search.[24]

Appellant also argues that trial counsel should have sought to suppress the firearm that was the fruit of the search of the house. Appellant contends that the officers were obligated to obtain a new search warrant after discovering the weapon because it was not named in the original warrant. He provides no authority for this position, however, and does not explain why a weapon found in plain view by

---

[24]*See State v. McLain*, 337 S.W.3d 268, 271–74 (Tex. Crim. App. 2011); *Barrett v. State*, Nos. 07-11-0002-CR, 07-11-0003-CR, 07-11-0004-CR, 07-11-0005-CR, 07-11-0006-CR, 2012 WL 1694423, at *3–4 (Tex. App.—Amarillo May 15, 2012, no pet. h.).

officers conducting a lawful search cannot be seized without securing an additional warrant. Indeed, the Texas Court of Criminal Appeals has upheld searches and seizures under similar circumstances, stating that a firearm seen on a breakfast bar during a lawful search was "contraband in plain view" which the officers were permitted to seize.[25]

We cannot say that failure to object to a valid affidavit and warrant or failure to file a futile motion to suppress constitutes ineffective assistance of counsel. Further, Appellant does not suggest that his sentence was affected by trial counsel's performance. Because Appellant did not sustain his burden under *Strickland*, we overrule Appellant's third issue.

**Conclusion**

Having overruled Appellant's three issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 14, 2012

---

[25] *Jones v. State,* 565 S.W.2d 934, 936 (Tex. Crim. App. [Panel Op.] 1978).