02-11-330-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00330-CR

 

 


 
 
 Jonathon Sears
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 2 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Jonathon Sears of the felony offense of unlawful
possession of a firearm by a felon,[2] and, upon his plea of
true to the habitual offender paragraph, the trial court sentenced him to eight
years’ confinement.  Appellant brings three issues on appeal, challenging the
validity of the search warrant resulting in the discovery of the firearm and
the sufficiency of the evidence linking him to the firearm and contending that he
received ineffective assistance of counsel at trial.  Because Appellant did not
preserve his challenge to the warrant below, the evidence sufficiently links him
to the firearm, and he has not satisfied his burden to prove both prongs of his
ineffective assistance of counsel claim, we affirm the trial court’s judgment.

Validity
of the Warrant

In
his first issue, Appellant challenges the seizure of the firearm.  But
Appellant did not file a motion to suppress.  Additionally, when the State
offered the firearm and the clip into evidence, trial counsel stated that he
had no objection.  To preserve error about the illegal seizure of evidence, a
defendant must either file a motion to suppress and obtain a ruling on the
motion or timely object when the State offers the evidence at trial.[3]

Appellant
concedes that trial counsel made no effort to challenge the warrant and filed
no motion to suppress the fruits of the search.  He admits that trial counsel wholly
failed to preserve this complaint for appellate review.  We therefore overrule
Appellant’s first issue.

Sufficiency
of the Nexus

In
his second issue, Appellant contends that the evidence is insufficient to link
him to possession of the firearm.  In our due-process review of the sufficiency
of the evidence to support a conviction, we view all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.[4]

This
standard gives full play to the responsibility of the trier of fact to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.[5] 
The trier of fact is the sole judge of the weight and credibility of the
evidence.[6] 
Thus, when performing an evidentiary sufficiency review, we may not re-evaluate
the weight and credibility of the evidence and substitute our judgment for that
of the factfinder.[7] 
Instead, we Adetermine whether the necessary
inferences are reasonable based upon the combined and cumulative force of all
the evidence when viewed in the light most favorable to the verdict.@[8]  We
must presume that the factfinder resolved any conflicting inferences in favor
of the verdict and defer to that resolution.[9]

An
essential element of the offense of felon in possession of a firearm is that
the convicted felon possess the firearm.[10]  When the accused is not
in exclusive
possession of the location where the contraband, in this case the firearm, is
found, the State must establish “additional independent facts and circumstances”
that “link” the accused in such a manner that it can be concluded that the
accused had knowledge of the firearm and exercised control over it.[11]

Officer
Rodney McMullin approached a house to execute the search warrant; he saw a man
he later identified as Appellant standing at a front window.  McMullin identified Appellant as that man during the
trial.  When McMullin entered the house, he went to the front bedroom of the
house where he had seen Appellant standing in the front window.  On the way
there, he encountered Appellant and secured him.  McMullin saw a pistol lying
on a table near the window where he had seen Appellant standing.

Appellant was not alone in the house.  There were two other people
present when the officers executed the warrant.

Latent prints were found on the magazine inside the pistol.  Deborah
Smith, a latent print examiner for the Fort Worth Police Department Crime
Laboratory, compared the prints to those of Appellant and determined that the
two sets of prints matched.

Appellant argues that had the gun been his, his prints would have
been “all over the weapon itself.”  Additionally, he argues that evidence of his
possession fails because there is no evidence regarding when he touched the
magazine or if he, in fact, inserted the clip into the weapon.  Appellant
argues that the evidence shows only that he touched the clip and not that he
actually possessed the firearm itself.  He also points to the presence of the
two other people in the house at the time of his arrest.

The jury could have properly inferred that Appellant possessed the
gun, given that its magazine found inside contained his fingerprints and that
the gun was found in the same bedroom and near the spot he stood when the
police first saw him upon their arrival at the house.

Applying the appropriate standard of review, we hold that the
evidence is sufficient to show that Appellant possessed the firearm and to
support his conviction.  We overrule Appellant’s second issue.

Ineffective Assistance of Counsel

In his third issue, Appellant argues that his trial counsel
rendered ineffective assistance of counsel because there is no evidence of any
trial preparation whatsoever.  No pretrial motions were filed, no motion to
suppress was filed, there is no evidence of any attempted discovery, and trial
counsel did nothing to challenge the search that produced the firearm.  Retained
counsel did nothing during the trial except elicit from Appellant his desire
not to testify at trial and bring in co-counsel at the last minute.  Co-counsel
had time only to file a single motion in limine on the day of trial.

To
establish ineffective assistance of counsel, an appellant must show by a
preponderance of the evidence that his counsel’s representation fell below the
standard of prevailing professional norms and that there is a reasonable
probability that, but for counsel’s deficiency, the result of the trial would
have been different.[12]

In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each case.[13] 
The issue is whether counsel’s assistance was reasonable under all the
circumstances and prevailing professional norms at the time of the alleged
error.[14]  Review of counsel’s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.[15]  A reviewing court will
rarely be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.[16]  “In the majority of
cases, the record on direct appeal is undeveloped and cannot adequately reflect
the motives behind trial counsel’s actions.”[17]  To overcome the
presumption of reasonable professional assistance, “any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.”[18] 
It is not appropriate for an appellate court to simply infer ineffective
assistance based upon unclear portions of the record.[19]

The
second prong of Strickland requires a showing that counsel’s errors were
so serious that they deprived the defendant of a fair trial, that is, a trial
with a reliable result.[20]  In other words, an appellant
must show there is a reasonable probability that, but for counsel’s unprofessional
errors, the result of the proceeding would have been different.[21] 
A reasonable probability is a probability sufficient to undermine confidence in
the outcome.[22]  The ultimate focus of
our inquiry must be on the fundamental fairness of the proceeding in which the
result is being challenged.[23]

As inadequate as trial counsel’s performance appears from the
record available to this court, we cannot say that Appellant has met his burden
to prove both prongs of the Strickland standard.

Appellant contends that trial counsel should have challenged the
warrant and supporting affidavit.  Appellant addresses the defects that he
perceives in the warrant and supporting affidavit.  Although the affidavit does
not explain as thoroughly as it could the reasons that the confidential
informant could be relied on, the officers did not rely solely on unverified
statements of the informant.  The officers observed heavy traffic to and from
the house, consistent with the sale of contraband from the house.  The
informant conducted a controlled buy at the drug house for police officers,
showing that drugs were possessed inside the house and being sold from the
house.  The affidavit provided the magistrate with a substantial basis for
deciding that probable cause existed, and the warrant was sufficiently valid to
support the search.[24]

Appellant also argues that trial counsel should have sought to
suppress the firearm that was the fruit of the search of the house.  Appellant
contends that the officers were obligated to obtain a new search warrant after
discovering the weapon because it was not named in the original warrant.  He
provides no authority for this position, however, and does not explain why a
weapon found in plain view by officers conducting a lawful search cannot be
seized without securing an additional warrant.  Indeed, the Texas Court of
Criminal Appeals has upheld searches and seizures under similar circumstances,
stating that a firearm seen on a breakfast bar during a lawful search was “contraband
in plain view” which the officers were permitted to seize.[25]

We cannot say that failure to object to a valid affidavit and
warrant or failure to file a futile motion to suppress constitutes ineffective
assistance of counsel.  Further, Appellant does not suggest that his sentence
was affected by trial counsel’s performance.  Because Appellant did not sustain
his burden under Strickland, we overrule Appellant’s third issue.

Conclusion

Having overruled Appellant’s three issues, we affirm the trial
court’s judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 14, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 46.04(a) (West 2011).





[3]Ratliff v. State,
320 S.W.3d 857, 860 (Tex. App.—Fort Worth 2010, pet. ref’d).





[4]Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).





[5]Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Isassi, 330 S.W.3d at 638.





[6]See Tex. Code Crim.
Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).





[7]Williams v. State,
235 S.W.3d 742, 750 (Tex. Crim. App. 2007).





[8]Hooper v. State,
214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).





[9]Jackson, 443 U.S.
at 326, 99 S. Ct. at 2793; Isassi, 330 S.W.3d at 638.





[10]See Tex. Penal
Code Ann. § 46.04(a).





[11]Poindexter v. State,
153 S.W.3d 402, 406 (Tex. Crim. App. 2005).





[12]Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Davis v.
State, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999).





[13]Thompson v. State,
9 S.W.3d 808, 813 (Tex. Crim. App. 1999).





[14]See Strickland,
466 U.S. at 688–89, 104 S. Ct. at 2065.





[15]Salinas v. State,
163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d
59, 63 (Tex. Crim. App. 2001).





[16]Salinas, 163
S.W.3d at 740; Thompson, 9 S.W.3d at 813–14.





[17]Salinas, 163
S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63).





[18]Id. (quoting Thompson,
9 S.W.3d at 813).





[19]Mata v. State, 226
S.W.3d 425, 432 (Tex. Crim. App. 2007).





[20]Strickland, 466
U.S. at 687, 104 S. Ct. at 2064.





[21]Id. at 694, 104 S.
Ct. at 2068.





[22]Id.





[23]Id. at 697, 104 S.
Ct. at 2070.





[24]See State v. McLain,
337 S.W.3d 268, 271–74 (Tex. Crim. App. 2011); Barrett v. State, Nos. 07-11-0002-CR,
07-11-0003-CR, 07-11-0004-CR, 07-11-0005-CR, 07-11-0006-CR, 2012 WL 1694423, at
*3–4 (Tex. App.—Amarillo May 15, 2012, no pet. h.). 





[25]Jones v. State, 565
S.W.2d 934, 936 (Tex. Crim. App. [Panel Op.] 1978).