**Affirmed and Opinion filed July 14, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## NO. 14-14-00435-CR

**MICHAEL SHAWN RYALS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1402503**

## O P I N I O N

Appellant Michael Shawn Ryals appeals his conviction for the felony offense of fraudulent use of identifying information. Following a bench trial, the trial court found appellant guilty and sentenced him to 40 years in prison. In a single issue, appellant contends that the trial court committed reversible error by denying his motion to suppress evidence obtained pursuant to a search warrant,

asserting that the warrant affidavit was insufficient to provide probable cause for issuance. We affirm.

## *Background*

On September 23, 2013, Agent Leah Dalton of the Texas Department of Public Safety (DPS) obtained a warrant to search appellant's residence. The warrant authorized a search of the residence for evidence of the crimes of forgery, fraudulent use or possession of identifying information, tampering with a governmental record, and delivery or manufacture of a counterfeit instrument. The search warrant was supported by Dalton's sworn affidavit, which contained the details of her investigation of appellant.

According to her affidavit, on August 6, 2013, Dalton debriefed a confidential informant who stated appellant was producing counterfeit checks, credit cards, and driver's licenses. The informant further indicated appellant was using these counterfeit instruments to work with other individuals in purchasing items at retail stores and then returning the items for cash. Dalton verified the informant's information regarding appellant's address and the vehicle appellant drove. Dalton researched appellant's criminal history and discovered that he had prior convictions for organized retail theft, forgery, tampering with a governmental record, and other felonies.

On September 10, 2013, an undercover DPS officer and the informant went to appellant's residence. During a conversation in the garage, the undercover officer told appellant he was interested in working with appellant to make money. Appellant stated that he had been working with two women who cashed fraudulent checks for him over the last nine months, and also showed the undercover officer two examples of the fraudulent identifications he was manufacturing. The undercover officer managed to take a photograph of the two identification cards

when appellant momentarily went into the house. Appellant then offered to manufacture a fraudulent Texas driver's license and some fraudulent checks for the undercover officer. Appellant said he would "fix the background" of the photographs on his computer to match driver's licenses issued by the State. Additionally, appellant offered to pay the undercover officer one hundred dollars for each person the officer recruited to participate in appellant's scheme. A few days later, appellant retracted his offer and said he no longer wanted to do it. The undercover officer never received an ID or checks from appellant.

On September 21, 2013, Dalton recovered trash that had been set outside of appellant's home near the street. The trash contained fifteen fraudulent driver's licenses and copies of five forged checks.

A magistrate signed the search warrant on September 23, 2013. The next day, officers executed the warrant and seized additional evidence from appellant's residence.

Prior to trial, appellant filed a motion to suppress the evidence seized as a result of the execution of the search warrant, alleging a lack of probable cause. The trial judge denied the motion to suppress, specifically stating that she did not consider the information in the affidavit attributed to the informant, but only considered the information from the undercover officer and the trash collection.

### *Applicable Law*

Appellate courts utilize a deferential standard of review in reviewing a magistrate's decision to issue a warrant, because of the constitutional preference for searches to be conducted pursuant to a warrant. *Swearingen v. State*, 143 S.W.3d 808, 810-11 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 234-37 (1983)). As long as the magistrate had a substantial basis for concluding

that probable cause existed, we must uphold the magistrate's determination. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011) (citing *Gates*, 462 U.S. at 236-37).

An officer must present a sworn affidavit to a magistrate in order to be issued a search warrant for items constituting evidence of an offense, or tending to show a particular person committed an offense. Tex. Code Crim. Proc. art. 18.01(b). The affidavit should set forth sufficient facts to establish probable cause that (1) a specific offense has been committed, (2) the specifically-described property or items to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) the property or items constituting such evidence are located at the place to be searched. *Id.* arts. 18.01(c), 18.02(a)(10). Probable cause to support the issuance of a search warrant exists when the facts submitted to the magistrate are sufficient to provide a substantial basis for concluding that a search of the premises would uncover evidence of wrongdoing. *McKissick v. State*, 209 S.W.3d 205, 211 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Gates*, 462 U.S. at 236).

Our review is limited to the affidavit's four corners in determining whether probable cause existed to support issuance of a search warrant. *See Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013) (citing *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011)). The adequacy of the facts in the affidavit for establishing probable cause depends on the totality of the circumstances. *Gates*, 462 U.S. at 238-39.

### *Analysis*

Appellant alleges that Dalton's affidavit did not provide sufficient evidence to support the magistrate's finding of probable cause. Appellant's argument is three-fold: there was insufficient indication of the informant's credibility, the

4

information provided by the informant was stale by the time of issuance, and the single trash collection was insufficient. We hold that Dalton's affidavit was sufficient to establish probable cause based on the information provided by the undercover officer, regardless of the informant's statements[1] or the information gleaned from the trash collection.[2]

The undercover officer's information, as detailed in the affidavit, provided a substantial basis that a specific offense had been committed, mentioned specific items to be searched for or seized that constituted evidence of that offense, and established that such items were located at the place to be searched. First, the specific offense of delivery or manufacture of a counterfeit instrument was implicated when appellant offered to make a fraudulent driver's license for the undercover officer to use and told the officer about a scheme involving two women using fake identifications the appellant produced. *See Acosta v. State*, 411 S.W.3d 76, 84 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (discussing elements of Tex.

---

[1] Appellant asserts that the information provided by the informant was not corroborated or otherwise shown to be reliable. *See Blake v. State*, 125 S.W.3d 717, 727 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that information obtained from an informant must contain some indicia of reliability or be reasonably corroborated by police before it can be used to justify a search). Dalton verified appellant's address and the make and model of the vehicle appellant drove, and the undercover officer's conversation with appellant and photographic evidence corroborated the information regarding appellant's manufacturing of fraudulent identifications and checks. *See Gates*, 462 U.S. at 244-46 (holding that an anonymous letter could be relied on due to corroboration of parts of the letter through other sources of information that provided a substantial basis for credibility).

[2] Appellant relies heavily on *Serrano v. State* in arguing that Dalton's one-time trash collection was insufficient to prove probable cause. 123 S.W.3d 53, 62 (Tex. App.—Austin 2003, pet. ref'd) (holding evidence from a one-time trash run yielding a single piece of evidence was insufficient to prove probable cause due to the public accessibility of the trash and a lack of corroboration of other information). This case, however, is readily distinguishable from the circumstances presented in *Serrano*. In the case at hand, the information from the informant was corroborated, as previously discussed, and there was the additional evidence of the undercover officer's conversation with appellant.

Transp. Code § 521.456(b), which sets forth the offense of delivery or manufacture of counterfeit instrument). Second, there were specific items to search for constituting evidence of the offense because appellant showed the undercover officer two fake identifications he made. Finally, these items were located at the place to be searched because the undercover officer met with the appellant at appellant's residence and appellant brought out the two fake identifications from within his home. Based on the undercover officer's information in the affidavit, sufficient evidence supports the magistrate's determination to issue the search warrant. *See* Tex. Code Crim. Proc. arts. 18.01(c), 18.02(a)(10); *see also Barrett v. State*, 367 S.W.3d 919, 923 (Tex. App.—Amarillo 2012, no pet.) (holding that sufficient probable cause existed for issuing a warrant based on information and photographic evidence obtained during an online conversation between appellant and an officer posing as a minor).

Appellant argues that the 48–day period between the initial contact with the informant and the date the affidavit was presented to the magistrate rendered the informant's information too stale to support a finding of probable cause. *See McKissick*, 209 S.W.3d at 214. Probable cause ceases to exist if, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Id.* To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when the magistrate issues the search warrant. *Id.* The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Id.* When the affidavit recites facts indicating activity of a protracted and continuous nature—i.e., a course of

conduct—the passage of time becomes less significant. *Id.* Further, a determination should also consider the type of property to be seized and the probability that the property has been consumed or relocated. *Barrett*, 367 S.W.3d 647 at 926 (concluding magistrate had a substantial basis to find that a fair probability existed that images depicting child pornography would continue to be on or recoverable from a computer device at the residential address stated in the search warrant).

As discussed above, we hold that Dalton's affidavit was sufficient to establish probable cause based on the information provided by the undercover officer, regardless of any information obtained from the informant. The undercover officer's conversation with appellant occurred only two weeks prior to the issuance of the warrant. Moreover, the information in the affidavit revealed an ongoing scheme—a course of conduct—that had been operating for at least nine months. *See State v. Cotter*, 360 S.W.3d 647, 653-54 (Tex. App.—Amarillo 2012, no pet.) (holding four-month-old information was not stale due to the continuing nature of the activity). Additionally, information in the affidavit revealed that appellant had used computers in producing the fraudulent identification items. At least some of the property subject of this search is a type that may be stored on a computer, is retrievable, and probably had not been consumed or relocated. *See Barrett*, 367 S.W.3d at 926 (holding 48-day information not stale). We conclude that the information in Dalton's affidavit was not too stale to establish probable cause.

### *Conclusion*

When considering the totality of the circumstances, Dalton's affidavit provided a substantial basis for concluding that probable cause existed. *See McLain*, 337 S.W.3d at 271. Accordingly, we overrule appellant's sole issue.

We affirm the trial court's judgment.

/s/     Martha Hill Jamison
          Justice

Panel consists of Justices Jamison, Busby, and Brown.
Publish — TEX. R. APP. P. 47.2(b).