

## NUMBER 13-21-00018-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

HASTON JERRMAE FIELDS,                              Appellant,

**v.**

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 391st District Court
### of Tom Green County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

Appellant Haston Jerrmae Fields appeals his conviction for possession with intent to deliver a controlled substance in penalty group one in an amount of four grams or more but less than 200 grams, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d). Fields pleaded guilty pursuant to a plea bargain agreement, and the trial

court sentenced him to fifteen years' imprisonment in the Correctional Institutional Division of the Texas Department of Criminal Justice. In two issues, which we reorder, Fields argues that the trial court erred in denying his motion to suppress evidence obtained from a search warrant because: (1) information provided by a confidential informant was not independently corroborated; and (2) the probable cause affidavit was insufficient. We affirm.[1]

## I.    BACKGROUND

A grand jury returned an indictment charging Fields with knowingly possessing, with the intent to deliver, a controlled substance—cocaine, in an amount of four grams or more but less than 200 grams. *See id.* Fields filed a motion to suppress evidence obtained pursuant to a search of his residence. During a hearing on the motion, the trial court admitted a search warrant and supporting affidavit into evidence. The affidavit, attested to by San Angelo Police Department (SAPD) Officer Hank Hethcock, provided in relevant part as follows:

> Affiant was advised by a Confidential Informant that the Suspected Party is in possession of a quantity of cocaine at the above-described Suspected Place and Premises.
>
> Affiant has spoken to a Confidential Informant and learned that the Suspected Party is involved in the distribution of cocaine in San Angelo, Tom Green County, Texas. The Confidential Informant told Affiant that the Suspected Party is known to distribute quantities of cocaine from the Suspected Place and Premises and the Suspected Party is also known to keep the illegal narcotics at the Suspected Place and Premises.
>
> The Confidential Informant advised Affiant they (Confidential Informant) have personally been to the Suspected Place and Premises and have personally seen the Suspected Party at the Suspected Place and Premises.

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

The Confidential Informant has been allowed entry into the residence, on more than three occasions, by the Suspected Party. The Confidential Informant has seen the Suspected Party in possession of cocaine at the Suspected Place and Premises on more than three occasions.

The Confidential Informant advised Affiant they (Confidential Informant) have seen cocaine in the past and recognizes [sic] the substance possessed by the Suspected Party as being cocaine.

The Confidential Informant advised Affiant that they (Confidential Informant) have personally been told by the Suspected Party that they (Suspected Party) are currently in possession of cocaine in the Suspected Place and Premises within the last forty[-]nine (49) hours by the Suspected Party.

The Confidential Informant advised Affiant that the Suspected Party is currently storing cocaine at the Suspected Place and Premises.

Affiant believes the Confidential Informant to be reliable and trustworthy because on at least three (3) different occasions in the past two (2) months[,] the Confidential Informant has provided Affiant with information concerning illegal drug activity[,] and on each occasion the information provided has been found to be true, reliable[,] and correct.

Affiant has personally driven by 3909 Millbrook Drive[,] San Angelo, Tom Green County, Texas and Affiant knows this address to be within the incorporated city limits of San Angelo, Tom Green County, Texas.

Affiant also checked records maintained by the [SAPD] for any information on [Fields]. Affiant located [Fields], a black male[.] Affiant showed the confidential informant a photograph of [Fields] and the confidential informant positively identified this person as [Fields].

After reviewing the affidavit, Judge Ben Nolen, presiding judge for the Tom Green County Court at Law, signed a search warrant authorizing a no-knock search of Fields's residence.

SAPD officers Hethcock, John Christopher Chappa, and Craig Thomason each testified concerning the subsequent search, describing the following sequence of events. As the officers approached Fields's residence, they smelled a marijuana odor emanating

3

from the windowed garage. They then heard a door slam from inside the garage. The officers continued to the front door of the residence where they "breached the door using [a] ram." The officers eventually reached the master bedroom, where they observed Fields in the bathroom attempting to flush a substance down the toilet. The officers recovered the substance which tested positive for cocaine.

The trial court signed an order denying Fields's motion to suppress. It concluded that "the affidavit provides a substantial basis for the issuing magistrate (the Judge) to have concluded that probable cause existed to support issuance of the search warrant." The trial court then found Fields guilty pursuant to his guilty plea, and it sentenced him to fifteen years' imprisonment. This appeal followed.

## II. SEARCH WARRANT

In two issues, Fields argues the trial erred in denying his motion to suppress evidence.

## A. Standard of Review & Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019); *State v. Patel*, 629 S.W.3d 759, 764 (Tex. App.—Dallas 2021, no pet.). We give almost total deference to a trial court's rulings on questions of historical fact and mixed questions of law and fact that turn on an evaluation of credibility and demeanor, but we review de novo mixed questions of law and fact that do not turn on credibility and demeanor. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011).

The Fourth Amendment of the United States Constitution mandates that a warrant

4

cannot issue "but upon probable cause" and must particularly describe the place to be searched and the persons or things to be seized. U.S. CONST. amend. IV. The core of this clause and its Texas equivalent is that a magistrate cannot issue a search warrant without first finding probable cause that a particular item will be found in a particular location. *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012) (citing U.S. CONST. amend. IV and TEX. CONST. art. I, § 9); *see* TEX. CODE CRIM. PROC. ANN. art. 18.01(b), (c). Typically, the warrant process involves presenting to a neutral and detached magistrate an affidavit that establishes probable cause to conduct a search. *See Patterson v. State*, No. PD-0322-21, 2022 WL 946355, at *2 (Tex. Crim. App. Mar. 30, 2022). "Probable cause exists when, under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location" at the time the warrant is issued. *Id.* "This is a flexible, non-demanding standard." *State v. Baldwin*, No. PD-0027-21, 2022 WL 1499508, at *7 (Tex. Crim. App. May 11, 2022).

Our duty is to "ensure a magistrate had a substantial basis for concluding that probable cause existed." *Id.* In conducting our review, we give great deference to the magistrate's determination. *Id.* (citing *State v. McLain*, 337 S.W.3d 268, 271–72 (Tex. Crim. App. 2011)). "When in doubt, reviewing courts should defer to all reasonable inferences a magistrate could have made." *Id.* (citing *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007)). We should "not invalidate a warrant by interpreting an affidavit in a hyper-technical rather than commonsense manner." *Id.* In assessing whether a search warrant is supported by probable cause, we are constrained to considering the four corners of the supporting affidavit. *Id.* (citing *McLain*, 337 S.W.3d at 271–72).

The exclusionary rule of the Fourth Amendment generally prohibits the introduction at trial of evidence obtained as a direct result of an illegal search or seizure, as well as evidence discovered later that is derivative of an illegality. *Segura v. United States*, 468 U.S. 796, 804 (1984). Similarly, Article 38.23 of the Texas Code of Criminal Procedure generally requires the exclusion of evidence "obtained . . . in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America[.]" Tex. Code Crim. Proc. Ann. art. 38.23(a).

**B.      Corroboration**

In his first issue, Fields argues that the supporting affidavit was insufficient because the information provided by the confidential informant "was never corroborated with independent police findings[.]" Fields asserts that the affidavit "does not contain any information that would tend to show that this informant's information is reliable or that the officer undertook an independent investigation sufficiently thorough to compensate for the informant's lack of history or reliability with this officer[.]"

The credibility of an informant depends on the type of informant at issue. *Diaz v. State*, 632 S.W.3d 889, 893 (Tex. Crim. App. 2021). "A citizen informant reporting as a victim of or witness to a crime 'is presumed to speak with the voice of honesty and accuracy.'" *Id.* (quoting *Duarte*, 389 S.W.3d at 356). However, a "criminal snitch" or confidential informant is not presumed to speak honestly because his motives are self-serving. *Id.* Nevertheless, a confidential informant "may supply probable cause if he has a proven track record of providing reliable information." *Id.* (citing *Duarte*, 389 S.W.3d. at 357). Only in the absence of a proven track record, must there be some other reason for

determining that the information is reliable—"e.g., because it is corroborated, it is a statement against penal interest, it is consistent with other information, it is a detailed, first-hand account, or it is paired with an accurate prediction of the subject's future behavior." *Id.*

Here, the affidavit establishes that the confidential informant provided law enforcement with true and correct "information concerning illegal drug activity" three times within the prior two months. The confidential informant's proven track record sufficiently established the reliability of the information provided to law enforcement. *See id.* Therefore, there was no requirement that the affidavit present another reason that the informant was reliable such as through independent corroboration. *See id.*; *see also Okorie v. State*, No. 04-16-00615-CR, 2017 WL 4518292, at *2 (Tex. App.—San Antonio Oct. 11, 2017, no pet.) (mem. op., not designated for publication) (concluding that "the supporting affidavit established that the confidential informant in the instant case was known to be reliable and had a successful track record"). We overrule Fields's first issue.

## C. Sufficiency of Affidavit

In his second issue, Fields argues that "the probable cause affidavit was insufficient to justify the issuance of the search warrant[.]" Fields maintains that the affidavit "did not show probable cause to believe that the cocaine would be found in the house at the time the warrant issued" because the informant was last told of the presence of cocaine two days prior. Fields further argues that "[w]ithout knowing the quantity of cocaine the informant observed, the magistrate could not rule out the possibility that the cocaine had already been consumed."

7

"The facts stated in a search affidavit 'must be so closely related to the time of the issuance of the warrant that a finding of probable cause is justified.'" *McLain*, 337 S.W.3d at 272 (quoting *Flores v. State*, 827 S.W.2d 416, 418 (Tex. App.—Corpus Christi–Edinburg 1992, pet. ref'd)). "Probable cause ceases to exist when, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place." *McKissick v. State*, 209 S.W.3d 205, 214 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see also Goynes v. State*, No. 06-18-00143-CR, 2019 WL 1430089, at *4 (Tex. App.—Texarkana Apr. 1, 2019, pet. ref'd) (mem. op., not designated for publication). "Further, a determination regarding whether the information in an affidavit is stale should also involve consideration of the type of property to be seized and the probability that the property has been consumed or relocated." *Barrett v. State*, 367 S.W.3d 919, 926 (Tex. App.—Amarillo 2012, no pet.). "When the affidavit recites facts indicating activity of a protracted and continuous nature, the passage of time between the occurrence of events set out in the affidavit and the time the search warrant was issued becomes less significant." *Pair v. State*, 184 S.W.3d 329, 338 (Tex. App.—Fort Worth 2006, no pet.). "The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued." *McKissick*, 209 S.W.3d at 214.

Here, the confidential informant observed cocaine at Fields's residence on at least three occasions. In addition, only two days passed since Fields told the informant he possessed cocaine at his residence. The search warrant was issued the same day that

the affidavit was prepared. We also note that the informant stated that Fields was known "to distribute" cocaine, as opposed to possessing cocaine for his personal consumption. Thus, not only did the affidavit indicate activity of a protracted and continuous nature, it also indicated that the illegal drugs were unlikely to have been consumed. *See id.*; *see also State v. Le*, 463 S.W.3d 872, 880 (Tex. Crim. App. 2015) ("[E]vidence of ongoing criminal activity will generally defeat a claim of staleness" (quoting *Jones v. State*, 364 S.W.3d 854, 861 (Tex. Crim. App. 2012))). Based on this information, it would not be unreasonable for the magistrate to presume that an amount of cocaine "remain[ed] at the suspected place" when the warrant issued. *See McKissick*, 209 S.W.3d at 214. Having reviewed the four-corners of the probable-cause affidavit, we conclude that the magistrate had a substantial basis for concluding that probable cause existed. *See Baldwin*, 2022 WL 1499508, at *7. We overrule Fields's second issue.

### III.    CONCLUSION

We affirm the trial court's judgment**.**

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
16th day of June, 2022.

9